# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0562, <u>Society Hill at Merrimack Condominium Association v. Michael Boulton & a.</u>, the court on March 10, 2020, issued the following order:**

Having considered the opening and reply briefs filed by the defendants, Michael Boulton and Charles Clark (the Unit Owners), the brief filed by the plaintiff, Society Hill at Merrimack Condominium Association (the Association), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The Unit Owners appeal an order of the Circuit Court (<u>Ryan</u>, J.) entering judgment for the Association on the Association's claim to recover certain sums due. We affirm.

On appeal, the Unit Owners argue that the evidence does not support the trial court's finding that they were fined for failing to notify the Association "whether their dryer vent had been inspected or not as they were required to do by the . . . Association[']s rules." In reviewing a trial court's decision rendered after a trial on the merits, we uphold its factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the evidence and determining the weight to be given evidence. <u>Id</u>. Nevertheless, we review the trial court's application of the law to the facts <u>de</u> <u>novo</u>. <u>Id</u>.

Based upon our review of the record submitted on appeal, we conclude that it supports the trial court's findings that: (1) the Unit Owners failed to notify the Association regarding whether their dryer vent had been inspected; (2) such notification was required by the Association's rules; and (3) the Unit Owners were fined for their failure to notify. The property manager for the condominium property testified that "[i]n 2016, Society Hill changed [its] rules and regulations that dryer vents were required to be inspected every year, and that inspection is supposed to be turned in to the property managers." She testified that condominium owners were notified of this rule change in November 2015, and were informed that "the inspections needed to be completed by April 30th of <u>each year</u> and turned in to the property management." (Emphasis added.) According to the property manager, the Unit Owners did not submit any "certificates or inspections" to the property management by April 30, 2016, as required. She testified that the Unit Owners first notified the property management that their dryer vent had been inspected

"on or about June 2016, which was approximately two months after [the notifications] were first due." According to the Association's rules, the Association may fine each condominium owner who fails to comply with the requirement to notify property management of the required inspection. The property manager testified that her ledger showed that, for failing to submit the monthly required notification that their dryer vent had been inspected, the Unit Owners were fined in 2016 and 2017.

Boulton admitted that he "read that the dryer vents are [the condominium unit owner's] responsibility in the original condo documents." He further testified that, as of June 2016, he was aware that it was his responsibility "to tell the condo association" that he had the dryer vent inspected. Although Boulton testified that the Unit Owners provided "notification that [they] got inspections," it was for the trial court to resolve any conflict between his testimony and the property manager's testimony in the first instance. See id.

To the extent that the Unit Owners argue that the evidence was insufficient because the Association "failed to present any documentary evidence" that they failed to comply with one of the Association's rules, we observe that they did not raise this argument until filing a motion to reconsider in the trial court. In any event, we conclude that this argument goes to the proper weight to be afforded the property manager's testimony, and we defer to the trial court's judgment in determining the weight to be given evidence. Id.

Based upon the above evidence, the trial court reasonably found that: (1) the Unit Owners failed to notify the Association regarding whether their dryer vent had been inspected; (2) such notification was required by the Association's rules; and (3) the Unit Owners were fined for their failure to notify. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2